UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Court Minutes and Order

DATE: October 18, 2018
JUDGE: Pamela Pepper
CASE NO: 2017-cv-1047
CASE NAME: Ashley Raap v. Steven Stolper, *et al.*
NATURE OF HEARING: Motion to Dismiss/Rule 16 Scheduling Conference
APPEARANCES: Briane F. Pagel, Jr. – Attorney for the plaintiff
Terry Johnson – Attorney for defendant Steven Stolper
Laura Caravello - Attorney for defendants Hyundai Capital America and SRA Associates, Inc.
COURTROOM DEPUTY: Kristine Wrobel
TIME: 8:34 a.m. – 9:01 a.m.

The court noted that while it had scheduled this hearing for a Rule 16 scheduling conference, defendants Steven Stolper and SRA Associates, Inc. had filed motions to dismiss which the court needed to address first. While the defendants had filed separate motions, the grounds for the motions were the same–that the plaintiff had not timely served them with the amended complaint.

The court recapped the case history: the plaintiff had filed a *pro se* complaint against Stolper on July 30, 2017 and asked the clerk's office to issue a summons. There was no docket activity until October 12, 2017, when the plaintiff filed an amended complaint that named the three current defendants. The amended complaint alleged FDCPA and WCA violations against Steven Stolper and SRA Associates, Inc., and WCA violations against Hyundai Capital America.

There was no further docket activity until January 3, 2018—eighty-three days later—when the plaintiff filed an expedited, non-dispositive motion for an extension of time for service of process. At this point, the plaintiff was represented by counsel; in his declaration in support of the motion, counsel informed the court that he had twice emailed defendant Stolper's prior counsel, asking him to waive service. Stolper's previous counsel declined to accept service. As to the other defendants, plaintiff's counsel explained that his paralegal had been waiting until Stolper was successfully served before attempting service on the other defendants. Judge Joseph granted the motion and extended the deadline for effecting service to March 3, 2018. By this court's calculation, that extension gave the plaintiff a total of 142 days—four and a half months—to serve the defendants.

The docket showed no activity between the January 4, 2018 order date and the March 3, 2018 deadline. On March 12, 2018, defendant Hyundai filed an answer to the amended complaint. On March 13, 2018, plaintiff's counsel

1

filed requests for issuance of summons for the remaining two defendants. The clerk's office issued those summonses on March 14, 2018. On March 21, 2018, the plaintiff filed an executed summons for defendant Stolper, indicating that the plaintiff had served Stolper on March 19, 2018. On March 30, 2018, Stolper filed the current motion to dismiss, alleging untimely service without good cause.

On April 108, 2018, the plaintiff filed an executed summons for defendant SRA Associates, Inc., indicating that the plaintiff had served SRA on April 12, 2018. On May 31, 2018, SRA filed its motion to dismiss, also alleging late service without good cause.

The court noted the relevant standard under Fed. R. Civ. P. 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

There was no dispute that the plaintiff did not serve the defendants by the deadline Judge Joseph had set, and that she had not filed a second request for an extension of time to serve. The issue, then, was whether the plaintiff had stated "good cause" for her failure to timely serve the two moving defendants.

The court cited <u>Cardenas v. City of Chicago</u>, 646 F.3d 1001, 1005 (7th Cir. 2011) for the proposition that "[t]he decision of whether to dismiss or extend the period for service is inherently discretionary[.]" The court looked at several factors, including statute of limitations issues could prevent refiling, whether the defendants tried to evade service, whether deeming the service timely would prejudice the defendants' ability to defend the suit, whether the defendants had actual notice of the suit, whether the defendants eventually were served, whether the plaintiff requested an extension and whether the plaintiff diligently tried to serve the defendants during the time Judge Joseph gave her. The court noted that the plaintiff had argued that she might have statute of limitations problems with the WCA claim, or at least that she might have to litigate that issue if she refiled. The court also conceded that the deeming the service timely likely would not prejudice the defendants a great deal, that the defendants had had actual notice of the suit and that the defendants eventually had been served. The court found, however, that contrary to the plaintiff's assertion, defendant Stolper's refusal to waive service did not constitute "evasion" of service, particularly when the plaintiff did not follow the formal procedure for requesting a service waiver. The court also

2

stated that it was perplexed by the plaintiff's insistence that she was "reasonably diligent" in attempting to serve defendant Stolper, when the record demonstrated that she did not make a single service attempt between October 12, 2017 and March 3, 2018.

The court informed the parties that it was going to dismiss without prejudice the plaintiff's claims against defendants Stolper and SRA Associates, because the plaintiff had not shown good cause why she had not timely served them. The dismissal of those two defendants also constituted the dismissal of the only federal claims; the only allegation against the remaining defendant (Hyundai) was a state-law claim. Because the only basis for the court to exercise its jurisdiction over that state-law claim was the court's supplemental jurisdiction authority under 28 U.S.C. §1367, the dismissal of the FDCPA claims deprived the court of jurisdiction over the WCA claim against Hyundai, requiring the dismissal of that claim.

The court **GRANTS** defendant's Stolper's motion to dismiss. Dkt. No. 13.

The court **GRANTS** defendant SRA Associates' motion to dismiss. Dkt. No. 26.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**.

Dated in Milwaukee, Wisconsin this 18th day of October, 2018.

        **BY THE COURT:**

        _____
        **HON. PAMELA PEPPER**
        **United States District Judge**